Tara Zabehi (SBN 314706)
tara@calljustice.com
Stephen Wilson (SBN 357365)
*stephen@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NATHAN GRIFFIN, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Plaintiff,

vs.

STELLANT SYSTEMS, INC., a Delaware corporation; STEPHEN SHPOCK, individually; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:25-cv-06760-SPG-SK

Honorable Sherilyn Peace Garnett

**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(7) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(8) Violation of California



LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Business & Professions Code § 17200, et seq.
(9) Violation of California Labor Code§ 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff NATHAN GRIFFIN ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of Los Angeles pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. The Superior Court for the County of Los Angeles has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The Superior Court for the County of Los Angeles has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in the Superior Court for the County of Los Angeles because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Los Angeles. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Los Angeles.

## PARTIES

5. Plaintiff NATHAN GRIFFIN is an individual residing in the State of California, County of Los Angeles.

6. Defendant STELLANT SYSTEMS, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7. Defendant STEPHEN SHPOCK at all times herein relevant was acting either individually or as an officer, owner, director, agent, or employee of Defendant STELLANT SYSTEMS, INC., who caused and continues to cause all of the wage and hour violations alleged herein against the aggrieved employees, including without limitation violations of Labor Code sections 558 and 1197.1.

8. At all relevant times, Defendant STELLANT SYSTEMS, INC. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9. At all times herein relevant, Defendants STELLANT SYSTEMS, INC., STEPHEN SHPOCK, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns, each of the other, and at all times relevant hereto, were acting within the course and scope of

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Defendant STELLANT SYSTEMS, INC., STEPHEN SHPOCK, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated and, thus, seeks class certification under California Code of Civil Procedure section 382.

14. The proposed class is defined as follows:

**Class**: All current and former hourly-paid or non-exempt employees who worked for Defendant STELLANT SYSTEMS, INC. within the

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

State of California at any time during the period from May 21, 2021 to final judgment.

**Subclass A**: All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendant STELLANT SYSTEMS, INC. failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B**: All class members who were required by Defendant STELLANT SYSTEMS, INC. to stay on Defendant STELLANT SYSTEMS, INC.'s premises for rest breaks.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

15. Plaintiff reserves the right to establish additional subclasses as appropriate.

16. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendant STELLANT SYSTEMS, INC.'s employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendant STELLANT SYSTEMS, INC.'s failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

b. Whether Defendant STELLANT SYSTEMS, INC. had a corporate policy and practice of failing to pay their hourly-paid

or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendant STELLANT SYSTEMS, INC. required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendant STELLANT SYSTEMS, INC. deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendant STELLANT SYSTEMS, INC. failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendant STELLANT SYSTEMS, INC. failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendant STELLANT SYSTEMS, INC. complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

h. Whether Defendant STELLANT SYSTEMS, INC. kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

i. Whether Defendant STELLANT SYSTEMS, INC.'s conduct was willful or reckless;

j. Whether Defendant STELLANT SYSTEMS, INC. engaged in

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

k. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant STELLANT SYSTEMS, INC.'s violation of California law; and

l. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

18. Class certification of the First through Eighth causes of action is appropriate because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant STELLANT SYSTEMS, INC.'s common and uniform policies and practices have unlawfully denied Plaintiffs and the other class members overtime wages for all overtime hours worked in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied Plaintiffs and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

employed by Defendant STELLANT SYSTEMS, INC. may fear direct or indirect retaliation from Defendant STELLANT SYSTEMS, INC. for prosecuting an action against Defendant STELLANT SYSTEMS, INC., the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendant STELLANT SYSTEMS, INC.'s policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## GENERAL ALLEGATIONS

19. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

20. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately at least September 2021 to approximately February 2025 in the State of California, County of Los Angeles.

21. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

22. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

23. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

25. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

31. Plaintiff is informed and believe, and based thereon allege, that Defendants failed to relieve Plaintiff and other class members of all duties, failed

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

32. Plaintiff is informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, shortened, late, and/or interrupted, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, shortened, late, and/or interrupted. During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late and/or interrupted because Defendants required them to perform work duties. Plaintiff did not receive premium payments for meal periods that were not provided.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

34. Plaintiff is informed and believe, and based thereon allege, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

35. Plaintiff is informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted. During the relevant time period, Plaintiff's and the other class members' rest periods were missed, short, late and/or interrupted because Defendants required them to perform work duties during their purported rest periods and to remain on premises. Plaintiff did not receive premium payments for rest periods that were not authorized or permitted

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, completing time-sensitive company deadlines.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members and the complete and accurate name of the legal entity that was the employer.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but they did not keep complete and accurate payroll records.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

41. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked, including work performed off-the-clock.

42. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

43. During the relevant time period, Defendants failed to provide all

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

44. During the relevant time period, Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

45. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked, including work performed off-the-clock.

46. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation, including earned but unpaid overtime and minimum wages and meal and rest period premiums.

47. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

48. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

49. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

50. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

51. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

52. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 51, and each and every part thereof with the same force and effect as though fully set forth herein.

53. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54. Specifically, the applicable IWC Wage Order provides that Defendant STELLANT SYSTEMS, INC. are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

55. The applicable IWC Wage Order further provides that Defendant STELLANT SYSTEMS, INC. is and was required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

56. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

57. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

58. During the relevant time period, Defendant STELLANT SYSTEMS, INC. intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the other class members did not receive

overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. By way of example, Plaintiff Griffin was required to discuss work-related issues with his manager prior to clocking in and, on those days, was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day.

59. Defendant STELLANT SYSTEMS, INC.'s failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

60. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60, and each and every part thereof with the same force and effect as though fully set forth herein.

62. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendant STELLANT SYSTEMS, INC.

63. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

64. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

65. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

66. During the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

67. During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late, and/or were interrupted because Defendant STELLANT SYSTEMS, INC. required them to perform work duties to keep up with the demanding workload.

68. As a result, Defendant STELLANT SYSTEMS, INC. failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour

of work for shifts lasting more than ten (10) hours

69. During the relevant time period, Defendant STELLANT SYSTEMS, INC. intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods.

70. During the relevant time period, Defendant STELLANT SYSTEMS, INC. failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

71. Defendant STELLANT SYSTEMS, INC.'s conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

72. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendant STELLANT SYSTEMS, INC. one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendant STELLANT SYSTEMS, INC.

75. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

76. At all relevant times, the applicable IWC Wage Order provides that

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

"[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

77. During the relevant time period, Defendant STELLANT SYSTEMS, INC. required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period, or major fraction thereof, worked.

78. During the relevant time period, Defendant STELLANT SYSTEMS, INC. did not provide Plaintiff and the other class members ten (10) minute rest periods when they worked shifts of at least three and one-half (3 ½) hours but less than four (4) hours in length.

79. During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendant STELLANT SYSTEMS, INC. required them to perform work duties including, but not limited to, keeping up with the imposed heavy workload.

80. As a result, Defendant STELLANT SYSTEMS, INC. failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

81. During the relevant time period, Defendant STELLANT SYSTEMS, INC. failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

82. Defendant STELLANT SYSTEMS, INC.'s conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

83. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendant STELLANT SYSTEMS, INC. one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

84. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

86. During the relevant time period, Defendant STELLANT SYSTEMS, INC. failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendant STELLANT SYSTEMS, INC.'s failure to pay minimum wages included, *inter alia,* Defendant STELLANT SYSTEMS, INC.'s effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, keeping up with the demanding workload.

87. Defendant STELLANT SYSTEMS, INC.'s failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

88. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

89. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

90. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

92. During the relevant time period, Defendant STELLANT SYSTEMS, INC. intentionally and willfully failed to pay Plaintiff and the other class members who were discharged their wages, earned and unpaid, immediately at the time of their discharge. Plaintiff was not paid at the time of his discharge, wages earned and unpaid throughout his employment, including but not limited to, minimum wages for time worked off-the-clock to perform work duties including keeping up

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

with Defendant STELLANT SYSTEMS, INC.'s demanding workload and for meal and rest period premium payments

93. During the relevant time period, Defendant STELLANT SYSTEMS, INC. intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant STELLANT SYSTEMS, INC. their earned and unpaid wages within seventy-two (72) hours of their leaving Defendant STELLANT SYSTEMS, INC.'s employ. Other class members were not given at the time of leaving Defendant STELLANT SYSTEMS, INC.'s employ all of the wages earned and unpaid throughout their employment, including but not limited to, minimum wages for time worked off-the-clock completing work duties including keeping up with Defendant STELLANT SYSTEMS, INC.'s demanding workload and for meal and rest period premium payments.

94. Defendant STELLANT SYSTEMS, INC.'s failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendant STELLANT SYSTEMS, INC.'s employ is in violation of California Labor Code sections 201 and 202.

95. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

96. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

97. Plaintiff incorporates by reference the allegations contained in

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

99. Defendant STELLANT SYSTEMS, INC. has intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

100. As a result of Defendant STELLANT SYSTEMS, INC.'s violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the putative class members' wage statements did not reflect the accurate number of regular hours worked, did not reflect the applicable hourly rates in effect during

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

the pay period and the corresponding number of hours worked at each hourly rate, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

101. More specifically, Plaintiff and the other class members have been injured by Defendant STELLANT SYSTEMS, INC.'s intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

102. Plaintiff and the other class members are entitled to recover from Defendant STELLANT SYSTEMS, INC. the greater of their actual damages caused by Defendant STELLANT SYSTEMS, INC.'s failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee.

103. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

## (Violation of California Labor Code § 1174(d))

## (Against STELLANT SYSTEMS, INC. and DOES 1 through 100)

104. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105. Pursuant to California Labor Code section 1174(d), an employer shall

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

106. Defendant STELLANT SYSTEMS, INC. have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members.

107. As a result of Defendant STELLANT SYSTEMS, INC.'s violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

108. More specifically, Plaintiff and the other class members have been injured by Defendant STELLANT SYSTEMS, INC.'s intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest in having available, accurate, and complete payroll records pursuant to California Labor Code section 1174(d).

**<u>EIGHTH CAUSE OF ACTION</u>**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against STELLANT SYSTEMS, INC. and DOES 1 through 100)**

109. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 108, and each and every part thereof with the same force and effect as though fully set forth herein.

110. Defendant STELLANT SYSTEMS, INC.'s conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendant STELLANT SYSTEMS, INC.'s competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

111. Defendant STELLANT SYSTEMS, INC.'s activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

112. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendant STELLANT SYSTEMS, INC.'s policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendant STELLANT SYSTEMS, INC.'s policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendant STELLANT SYSTEMS, INC.'s policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendant STELLANT SYSTEMS, INC.'s policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201and 202. Defendants also violated California Labor Code sections 226(a) and 1174(d).

113. As a result of the herein described violations of California law, Defendant STELLANT SYSTEMS, INC. unlawfully gained an unfair advantage over other businesses.

114. Plaintiff and the other class members have been personally injured by Defendant STELLANT SYSTEMS, INC.'s unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

115. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

withheld and retained by Defendant STELLANT SYSTEMS, INC. during a period that commences four years preceding the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against STELLANT SYSTEMS, INC., STEPHEN SHPOCK, and DOES 1 through 100)**

116. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117. PAGA expressly establishes that any provision of the California Labor Code, which provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

118. Whenever the LWDA or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

119. Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and the alleged violations were committed against them.

**Failure to Pay Overtime**

120. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

constitutes a violation of California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

121. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

122. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

123. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197, and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

124. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

125. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

126. Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

127. Defendants' failure to keep complete and accurate payroll records

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

128. Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

129. Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a. Penalties under California Labor Code section 2699(f) in the amount of one hundred dollars ($100) for each aggrieved employee per pay period or two hundred dollars ($200) for each aggrieved employee per pay period for each violation where there has been a prior finding or determination that Defendants' policies or practices were unlawful or where Defendants' conduct was malicious, fraudulent, or oppressive;

b. Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of one

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d. Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

130. Pursuant to California Labor Code section 2699(m), civil penalties recovered by aggrieved employees shall be distributed as follows: sixty-five percent (65%) to the LWDA for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and thirty-five percent (35%) to the aggrieved employees.

131. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5, 2699, and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendant STELLANT SYSTEMS, INC. provides to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

statements thereto;

36. For actual, consequential, and incidental losses and damages, according to proof;

37. For statutory penalties pursuant to California Labor Code section 226(e);

38. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

39. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

40. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

41. For actual, consequential, and incidental losses and damages, according to proof;

42. For statutory penalties pursuant to California Labor Code section 1174.5; and

43. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

44. That the Court declare, adjudge, and decree that Defendant STELLANT SYSTEMS, INC. violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

45. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

46. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendant STELLANT SYSTEMS, INC. and determined to have been wrongfully acquired by Defendant STELLANT SYSTEMS, INC. as a result of violating California Business and Professions Code section 17200, et seq.;

47. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

48. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

49. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

50. For civil penalties pursuant to California Labor Code sections 558 and 2699(a), (f), (k), plus costs/expenses and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802; and

51. For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

Dated: May 6, 2026 May 6, 2026

**LAWYERS *for* JUSTICE, PC**

By: _/s/ Tara Zabehi________
Tara Zabehi
Stephen Wilson
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203